Index No. 09 CV 8 (JBW)(CLP)
09 CV 9 (JBW)(VVP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE COLON,

                                                          Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                                          Defendants.

---

MAXIMO COLON,

                                                          Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                                          Defendants.

## DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Amy N. Okereke*
*Tel: (212) 788-9790*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 2

STATEMENT OF FACTS .................................................................................................... 2

RULE 12(b)(6) STANDARD OF REVIEW ......................................................................... 4

ARGUMENT

    POINT I

        PLAINTIFF HAS FAILED TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST THE CITY OF NEW YORK ............................................................................ 5

        A. Plaintiffs fail to identify an actual unconstitutional policy, custom, or practice of the City of New York, or to state facts inferring that such a policy or custom caused their alleged injuries. ............................................................................................ 7

        B. Plaintiffs have failed to sufficiently plead a Monell claim, pursuant to the Supreme Court's decisions in Twombly and Iqbal. ........................................................ 8

    POINT II

        THE COURT SHOULD DISMISS OR DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS AGAINST THE CITY .................................................................................................. 10

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                            **Pages**

5 Borough Pawn, et al. v. City of New York, et al.,
  08 Civ. 3837 (CM), 2009 U.S. Dist. LEXIS 54069 (S.D.N.Y. June 22, 2009) ........9

Aldinger v. Howard,
  427 U.S. 1 (1976) ........10

Ashcroft v. Iqbal,
  ___U.S.___, 129 S. Ct. 1937 (2009) ........4, 8, 9

Bell Atlantic v. Twombly,
  550 U.S. 544 (2007) ........4, 7, 8, 9

Bright v. City of New York,
  1985 U.S. Dist. LEXIS 21042 (S.D.N.Y. Apr. 4, 1985) ........10

Brodeur v. City of New York,
  99 Civ. 661  2002 U.S. Dist. LEXIS 4500 (S.D.N.Y. Mar. 18, 2002) ........6

Carnesi v. City of New York,
  99 Civ. 4899  2001 U.S. Dist. LEXIS 14561 (S.D.N.Y. Sept. 10, 2001) ........6

Chambers v. Time Warner,
  282 F.3d 147 (2d Cir. 2002) ........5

Cortec Indus.,
  949 F.2d at 46-48 ........5

Dixon v. Village of Spring Valley,
  6 A.D.3d 489, 774 N.Y.S.2d 574 (2d Dep't 2004) ........10

Doe v. State of New York,
  267 A.D.2d 913, 700 N.Y.S.2d 554 (3d Dep't 1999) ........10

Dwares v. City of New York,
  985 F.2d 94 (2d Cir. 1993) ........6, 9

George v. Burton,
  00 Civ. 143 (NRB), 2001 U.S. Dist. LEXIS 24, (S.D.N.Y. Jan 4, 2001) ........6

Mon v. City of New York,
  78 N.Y.2d 309, 574 N.Y.S.2d 529 (1991) ........10

**Cases**         **Pages**

Perez v. City of New York,
   97 CV 2915 2002 U.S. Dist. LEXIS 4297 (E.D.N.Y. Mar. 14, 2002) .................................. 6

Pitchell v. Callan,
   13 F.3d 545 (2d Cir. 1994) ........................................................................................... 10

Ricciuti v. N.Y.C. Transit Auth.,
   941 F.2d 119 (2d Cir. 1991) .......................................................................................... 6

Vasquez v. City of New York,
   2000 U.S. Dist. LEXIS 8887 (S.D.N.Y. June 29, 2000) .................................................. 5

Vercillo v. Town/Vill. of Harrison,
   01 Civ. 734 2002 U.S. Dist. LEXIS 5029 (S.D.N.Y. Mar. 26, 2002) ............................ 5, 6

**Statutes**         **Page**

42 U.S.C. § 1983 ................................................................................................................. 2, 5

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 2, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

JOSE COLON,

                              Plaintiff,        09 CV 8 (JBW)(CLP)

          -against-

THE CITY OF NEW YORK and POLICE OFFICERS
HENRY TAVAREZ, STEVEN ANDERSON and ALAN
FIGUEROA and DETECTIVE MIGUEL CARVAJAL and
POLICE OFFICERS JOHN AND JANE DOE #1-10,
individually and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

                              Defendants.


------------------------------------------------------------------------------- x

MAXIMO COLON,

                              Plaintiff,        09 CV 9 (JBW)(VVP)

          -against-

THE CITY OF NEW YORK and POLICE OFFICERS
HENRY TAVAREZ, STEVEN ANDERSON and ALAN
FIGUEROA and DETECTIVE MIGUEL CARVAJAL and
POLICE OFFICERS JOHN AND JANE DOE #1-10,
individually and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

                              Defendants.

------------------------------------------------------------------------------- x

          **DEFENDANT CITY'S MEMORANDUM OF LAW**
          **IN SUPPORT OF ITS MOTION TO DISMISS THE**
          **COMPLAINTS PURSUANT TO FED. R. CIV. P.**
          **12(B)(6)**

## PRELIMINARY STATEMENT

Plaintiffs, by their attorneys Rochelle Berliner, Esq. and Christina Andrea Hall, Esq., bring the instant actions pursuant to 42 U.S.C. § 1983 against defendants City of New York and several New York City Police Officers, alleging, *inter alia*, that they were falsely arrested, maliciously prosecuted, and subjected to an illegal strip search. Defendant City of New York submits this memorandum of law in support of its motion to dismiss the complaints as against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiffs have failed to articulate facts which plausibly demonstrate that any underlying violation of their rights is attributable to a policy or practice of the City of New York. Moreover, this Court should dismiss or decline to exercise jurisdiction over any state law claims asserted by plaintiffs against defendant City. Accordingly, plaintiffs' claims as against defendant City should be dismissed in their entirety.

## STATEMENT OF FACTS

In these actions, plaintiffs both allege that they were falsely arrested, imprisoned, subjected to an illegal strip search, and maliciously prosecuted, following an incident on January 5, 2008. (See Complaint filed by Jose Colon in the Eastern District of New York, on January 9, 2009, annexed to the Declaration of Amy N. Okereke (hereinafter "Okereke Decl.") as Exhibit "A" at ¶¶ 46, 49, 64-73; Complaint filed by Maximo Colon in the Eastern District of New York, on January 9, 2009, annexed to Okereke Decl. as Exhibit "B" at ¶¶ 46, 49, 64-73).[1] Plaintiffs allege that on January 5, 2008, they were lawfully present in Club Delicias de Mi Terra, a bar located in Queens, New York. (Complaints, Okereke Decl., Exhibits A and B, ¶ 13) Plaintiffs

---

[1] Plaintiffs' complaints are virtually identically—naming the same defendants, arising from the same factual allegations, and purporting to proceed under the same legal issues. Thus, defendant refers to the complaints collectively herein.

2

claim they were in Club Delicias for approximately one and half hours, when several plain-clothed police officers entered the club. (Complaints, Okereke Decl., Exhibits A and B, ¶ 16) The police officers purportedly approached the plaintiffs, asked them to face a wall, and placed plaintiffs in handcuffs. (Complaints, Okereke Decl., Exhibits A and B, ¶¶ 18-19) Plaintiffs claim that they were then escorted out of the club, and transported to a police precinct in Queens, where they were fingerprinted, photographed, and strip-searched. (Complaints, Okereke Decl., Exhibits A and B, ¶¶ 23-26) Prior to their arraignments, plaintiffs claim they were advised by their court-appointed attorneys that they were being charged with selling narcotics to an undercover police officer. (Complaints, Okereke Decl., Exhibits A and B, ¶ 28) Plaintiffs allege that they were released on their own recognizance after their arraignments. (Complaints, Okereke Decl., Exhibits A and B, ¶ 29)

Plaintiffs allege that shortly after their release, they obtained copies of Club Delicias' surveillance video-tapes covering the time-period of their arrests. (Complaints, Okereke Decl., Exhibits A and B, ¶ 31) Plaintiffs contend that the video surveillance tapes demonstrate that they had no contact with the defendant police officers at any point while they were in Club Delicias, and that they were not involved in any narcotics transactions. (Complaints, Okereke Decl., Exhibits A and B, ¶ 32) Plaintiffs furthermore allege that the criminal charges against them were dismissed by the Queens County District Attorney's Office on June 26, 2008. (Complaints, Okereke Decl., Exhibits A and B, ¶ 33)

Plaintiffs allege that their arrests and prosecutions were based on fraudulent information provided by the defendant officers. (Complaints, Okereke Decl., Exhibits A and B, ¶ 34) Plaintiffs additionally claim that the defendant police officers initiated criminal proceedings against them, despite the officers' knowledge that they lacked probable cause to do so.

(Complaints, Okereke Decl., Exhibits A and B, ¶¶ 64-74)  Plaintiffs also claim that their rights were violated as a result of unconstitutional policies or customs of defendant City of New York. (Complaints, Okereke Decl., Exhibits A and B, at ¶¶ 80-94)

### RULE 12(B)(6) STANDARD OF REVIEW

Defendant City moves to dismiss the complaint as against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading must be supported by allegations that are not merely conclusory, but put forth underlying facts so as to make a claim plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). Factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true…" Id. However, legal conclusions guised as facts are not entitled to the assumption of truth. Id.

The factual allegations must show the grounds on which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id.  A plaintiff must plead sufficient factual allegations which "nudge his claim…across the line from conceivable to plausible." Id.  Where the factual allegations "do no permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – *but it has not shown* – that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S.Ct. 1937, 1950 (2009) (emphasis added).  Thus, the mere filing of a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions…" Id.

A court may look to the facts alleged in the complaint, documents attached thereto or incorporated by reference, and documents that are "integral" to plaintiff's claims even if not expressly incorporated by reference, as well as matters of public record, such as complaints, as well as documents in plaintiff's possession or that plaintiff knew of or relied upon in bringing

4

suit. E.g., Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir. 2002); Cortec Indus., 949 F.2d at 46-48; Vasquez v. City of New York, 2000 U.S. Dist. LEXIS 8887 at *3 (S.D.N.Y. June 29, 2000).

## ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO STATE A CLAIM OF MUNICIPAL LIABILITY AGAINST THE CITY OF NEW YORK

Plaintiffs failed to plead facts sufficient to bring a § 1983 claim against the City, pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978). Namely, plaintiffs have not stated facts which plausibly infer a policy, custom or practice on the part of the City to which any purported violation of their rights is attributable.

While the Supreme Court has deemed it permissible for a plaintiff to proceed against a municipal entity under § 1983, it has repeatedly determined that the municipality itself must bear responsibility for a constitutional deprivation in order for liability to attach. In Monell v. Dep't. of Soc. Servs., the Supreme Court held that in order to hold a municipality liable as a "person" under the meaning of section 1983, the plaintiff must show that a policy or custom of the City of New York caused the deprivation of his federal constitutional rights. 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978). "A municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691. "Rather, the Plaintiff must demonstrate that the alleged constitutional deprivation resulted from a municipal policy or custom and that there is a causal connection between the policy and the deprivation." Vercillo v. Town/Vill. of Harrison, 01 Civ. 4734 (RCC), 2002 U.S. Dist. LEXIS 5029, *2-3 (S.D.N.Y. Mar. 26, 2002) (citing Monell 436 U.S. at 694). "The plaintiff must establish that the municipality either authorized the employee to act in violation of the plaintiff's rights, or was the 'moving force' behind the violation."

5

Vercillo, 2002 U.S. Dist. LEXIS 5029, at *4 (citations omitted). Additionally, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).

It is well settled that a plaintiff must do more than simply state that a municipal policy or custom exists. The "mere assertion that a municipality has such a policy is insufficient to establish Monell liability." Perez v. City of New York, 97 CV 2915 (FB), 2002 U.S. Dist. LEXIS 4297, *4 (E.D.N.Y. Mar. 14, 2002); Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) ("the mere assertion ... that a municipality has ... a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference"); Carnesi v. City of New York, 99 Civ. 4899 (LMM), 2001 U.S. Dist. LEXIS 14561, *14-15 (S.D.N.Y. Sept. 10, 2001) (dismissing claim against City where plaintiff solely made allegations that abuse was "common and well-known," which were insufficient to infer municipal policy or custom); Brodeur v. City of New York, 99 Civ. 661 (WP), 2002 U.S. Dist. LEXIS 4500, *7 (S.D.N.Y. Mar. 18, 2002) (court dismissing complaint against City where complaint "flatly asserts a policy but contains no factual allegations sufficient to establish a municipal policy or custom"); George v. Burton, 00 Civ. 143 (NRB), 2001 U.S. Dist. LEXIS 24, *5-6 (S.D.N.Y. Jan 4, 2001) (court dismissing complaint with prejudice where plaintiff "failed to proffer any facts in his complaint from which we can infer such a pattern or practice"). A plaintiff must not only allege specific facts regarding the existence of a policy or custom, but must also make a causal connection between that policy and the police conduct towards him. Perez, 2002 U.S. Dist. LEXIS 4297, at *5.

6

### A. Plaintiffs Fail to Identify an Actual Unconstitutional Policy, Custom, or Practice of the City of New York, or to State Facts Inferring that such a Policy or Custom Caused their Alleged Injuries.

In the complaints, plaintiffs do not identify any policy, custom or practice that could have resulted in a violation of their rights. Plaintiffs' claim for municipal liability against the City of New York is based solely on their allegation that the City of New York, through its police department, has an unconstitutional policy of:

- Wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;
- Manufacturing evidence against individuals allegedly involved in drug transactions;
- Using excessive force on individuals who have already been handcuffed;
- Unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; and
- Arresting innocent persons in order to meet "productivity goals" (i.e. quotas).

(Okereke Decl., Exhibits A and B, ¶ 84) Plaintiffs, however, present insufficient facts to nudge their claims from "conceivable" to "plausible." Twombly, 550 U.S. at 555. In fact, the only facts plaintiffs allege in support of their contention that the defendant officers acted pursuant to a purported unconstitutional City policy are (a) six federal civil rights actions, which plaintiffs claim "unconstitutional customs and policies may be inferred;" and (b) an alleged memo from NYPD Deputy Commissioner Paul Browne, "reported by the media" on January 20, 2006, wherein Browne purportedly claims that "commanders are to set 'productivity goals.'" (Complaints, Okereke Decl., Exhibits A and B, ¶¶ 85, 86)

As an initial matter, in each of the lawsuits to which plaintiffs have referenced in their complaints, all claims against the City of New York, NYPD, and NYPD officers were dismissed. Furthermore, in each matter, the parties filed stipulations with the court in which the

7

defendants explicitly denied any and all liability or wrongdoing for the allegations in those matters. (See Stipulations of Settlement and Orders of Dismissal, annexed to the Okerke Decl. as Exhibit "C;" Civil Docket Sheet in the matter of Heyward Dotson v. City of New York, 03 Civ. 2136 (RMB), annexed to the Okereke Decl. as Exhibit "D," at Docket Entry No. 8)[2] These lawsuits, thus, cannot legitimately be a basis for plaintiffs' claims. Third, that a purported memo may exist in which Deputy Commissioner Browne states that commanders have productivity goals, provides no basis that the City, through its police department, has an unconstitutional policy, or even that such memo is causally linked to the plaintiffs' allegations that they were wrongfully implicated in an illegal drug sale. Plaintiffs simply have failed to satisfy their burden to articulate facts which tend to infer the existence of any unconstitutional City policy or custom.

**B. Plaintiffs have Failed to Sufficiently Plead a Monell Claim, Pursuant to the Supreme Court's Decisions in Twombly and Iqbal.**

Plaintiffs have additionally failed to satisfy the pleading requirements mandated by the Supreme Court's decision in Twombly, as recently clarified in Iqbal. In Iqbal, the plaintiff sought damages against former Attorney General of the United States, John Ashcroft, and Federal Bureau of Investigation director Robert Mueller. In the complaint, plaintiff alleged that Ashcroft and Mueller "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" Id. at ___, 129 S.Ct. at 1951. The Court, citing Twombly, held these "bare assertions" to be "nothing more than

---

[2] The Stipulations and Orders of Settlement and Dismissal correspond to the matters cited in plaintiffs' complaints: Corey Avent v. City of New York, 04 CV 2451; Reginald McMillan v. City of New York, 04 CV 3990; Michael A. Smith v. City of New York, 04 CV 1045; Benyamin Taylor v. City of New York, 01 CV 5750; Theodore Richardson v. City of New York, 02 CV 3651.

a 'formulaic recitation of the elements' of a constitutional discrimination claim, [...] conclusory and not entitled to be assumed true." Id (citing Twombly, 550 U.S. at 554-555).

Similarly, in the instant matter, plaintiffs' allegations that the City of New York has an unconstitutional custom and policy of, for example, "wrongfully arresting minority individuals on the pretext that they were involved in drug transactions," represent bare, consculsory assertions, with no factual basis pled in the complaints. There are no plausible or cogent facts in the complaints which plausibly suggest that the conduct alleged by the individual officers is (or can be) attributable to a custom or policy of the City of New York. On the contrary, based on the facts alleged in the complaints—and plaintiffs' failure to articulate an actual policy or custom of the City of New York—the *plausible* inference to be read from the complaints is that plaintiffs' violations were not pursuant to City policy, but rather the result of "rogue officer(s) who *disobeyed* City policy." See 5 Borough Pawn, et al. v. City of New York, et al., 08 Civ. 3837 (CM), 2009 U.S. Dist. LEXIS 54069 at *69-71 (S.D.N.Y. June 22, 2009) (citing Iqbal, the Court dismissed plaintiff's Monell claim, holding that plaintiff's "assertion that the City has an unconstitutional policy is based on nothing more than their unsupported supposition" and that plausible inference was that wrongdoing was on behalf of rogue individual officers)(emphasis added). Plaintiffs have alleged no facts to support an inference that the single incident at issue was attributable to an unconstitutional policy of the City of New York. Accordingly, plaintiffs' Monell claims fail as a matter of law. See, e.g., Dwares, 985 F.2d at 100. As plaintiffs' sole federal claim against the City is predicated on § 1983, there is no basis for the City to continue as a defendant in this action.

## POINT II

## THE COURT SHOULD DISMISS OR DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS AGAINST THE CITY

Under common law, a municipal corporation is entitled to interpose an immunity-to-suit defense. When official action involves the exercise of discretion or expert judgment in policy matters, and is not ministerial, a municipal defendant generally is not liable for consequences of that action. See Mon v. City of New York, 78 N.Y.2d 309, 574 N.Y.S.2d 529, 534 (1991) (citations omitted). A municipal entity cannot be held liable for the negligent performance of a governmental function. Dixon v. Village of Spring Valley, 6 A.D.3d 489, 774 N.Y.S.2d 574, 576 (2d Dep't 2004). Thus, governmental immunity attaches to discretionary decisions such as those involving employee retention and discipline. Doe v. State of New York, 267 A.D.2d 913, 700 N.Y.S.2d 554, 557 (3d Dep't 1999). Accordingly, the City of New York is entitled to the benefit of this defense as to plaintiffs' state law claims for negligent hiring, retention, training, and supervision.

Alternatively, absent a viable federal claim, the Court should decline jurisdiction over the state law claims. See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) (approving lower court statement that "it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims"). There is no basis to proceed against the City of New York based on wholly derivative state law claims without a showing that this defendant has violated a federal right. See, e.g., Bright v. City of New York, 1985 U.S. Dist. LEXIS 21042 at *5-6 (S.D.N.Y. Apr. 4, 1985) (citing Aldinger v. Howard, 427 U.S. 1, 14-15 (1976)). Thus, any state law claims against the City should be dismissed.

## **CONCLUSION**

For the foregoing reasons, defendant City of New York respectfully requests that the Court grant its motion to dismiss plaintiffs' claims as against it, in their entirety, with prejudice, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 4, 2009

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                              City of New York
                            *Attorney for Defendant City of New York*
                            100 Church Street, Room 3-142
                            New York, New York 10007
                            (212) 788-9790

                        By: _____
                            Amy N. Okereke
                            Assistant Corporation Counsel
                            Special Federal Litigation Division


To:     Rochelle S. Berliner, Esq.  (via E.C.F. and first class mail)
        *Attorney for Plaintiff Jose Colon*
        118-21 Queens Boulevard
        Suite 504
        Forest Hills, New York 11375

        Christina Andrea Hall, Esq. (via E.C.F. and first class mail)
        *Attorney for Plaintiff Maximo Colon*
        330 Cross Bay Blvd
        Far Rockaway, New York 11693

## DECLARATION OF SERVICE BY MAIL

I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on August 4, 2009, I served the annexed MEMORANDUM OF LAW upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiffs for that purpose:

Rochelle S. Berliner, Esq.
118-21 Queens Boulevard
Suite 504
Forest Hills, New York 11375

Christina Andrea Hall, Esq.
330 Cross Bay Blvd
Far Rockaway, New York 11693

Dated:    New York, New York
          August 4, 2009

_____
AMY N. OKEREKE
ASSISTANT CORPORATION COUNSEL